

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 14, 2019

**BY ECF**

The Honorable Colleen McMahon
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Gregorio Navarrete*, **18 Cr. 305 (CM)**

Dear Chief Judge McMahon:

    The defendant in the above-captioned case is scheduled to be sentenced on October 21, 2019, at 4:00 p.m. The Government respectfully submits this letter in connection with sentencing and in response to the defendant's submission, dated October 7, 2019, ("Def. Ltr."). In the Presentence Investigation Report ("PSR"), dated October 1, 2019, the Probation Office calculated the applicable United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines") range to be 57 to 71 months' imprisonment (the "Guidelines Range"). For the reasons set forth below, the Government submits that a sentence within the Guidelines Range is appropriate in this case.

    **I.**    **Offense Conduct**

    In February 2019, the defendant sold heroin to a confidential source (the "CS") working with law enforcement. On or about February 21, 2019, the defendant and the CS arranged to meet in the Chelsea neighborhood of Manhattan to discuss the drug transaction. (PSR ¶ 9). Inside of the CS's vehicle, the defendant provided to CS a sample of narcotics in a small baggie. (PSR ¶ 9). The defendant and the CS then discussed the terms of a narcotics transaction, and the defendant stated, in substance and in part, that he could furnish a kilogram of heroin. (PSR ¶ 9). Approximately thirty minutes after this meeting, the CS called the defendant and agreed to purchase the kilogram of heroin. (PSR ¶ 10).

    Later that same evening, the defendant and the CS met again at the same location to complete the narcotics transaction. (PSR ¶ 10). Inside of the CS's vehicle, the defendant handed the CS three packages that contained approximately one kilogram of heroin. (PSR ¶¶ 10, 13). The defendant agreed to sell these narcotics to the CS for $41,000. (PSR ¶ 11).

Case 1:19-cr-00305-CM   Document 19   Filed 10/14/19   Page 2 of 4

Page 2

## II.     Procedural History

On February 21, 2019, the defendant was arrested upon the recovery of approximately one kilogram of heroin from the CS, as described above.  (PSR ¶¶ 7-14).  On April 23, 2019, the defendant was charged by indictment 19 Cr. 305 (CM) (the "Indictment") with one count of possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(A).  (PSR ¶¶ 1-2).  On July 10, 2019, the defendant pled guilty to the Indictment with the benefit of a plea agreement.  (PSR ¶ 3).

The Probation Office, consistent with the parties' plea agreement, determined that the defendant's offense level is 25, that the defendant's Criminal History Category is I, and that the Guidelines range is 57 to 71 months' imprisonment.  (PSR ¶ 61).  The Probation Office recommends that the Court impose a sentence of 18 months' imprisonment because, among other reasons, the defendant quickly accepted responsibility and he is a first-time offender.

## III.    Discussion

### A.  Applicable Law

Although *United States v. Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  543 U.S. 220, 264 (2005).  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants;" and (7) "the need to provide restitution to any victims."  18 U.S.C. § 3553(a)(1)-(7); *see also Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant; and
(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## B. A Sentence Within The Applicable Guidelines Range Is Appropriate In This Case

The 18 U.S.C. § 3553(a) factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant and others who are similarly situated, and to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A)-(C).

*First*, a term of imprisonment would appropriately reflect the nature and seriousness of the defendant's conduct. The defendant sold a kilogram of heroin. The quantity of drugs that were in the defendant's possession is significant. A kilogram of heroin, which is worth approximately $49,000 in the New York, New York, typically is broken down for retail sale into approximately 20,000 individual glassines for sale to drug users, which would retail for a total of approximately $200,000. Sadly, each dose potentially is fatal.

*Second*, a sentence within the Guidelines Range is necessary to promote respect for the law and to deter this defendant and others who are similarly situated from participating in drug trafficking. In light of the seriousness of the defendant's conduct and the fact that he traveled to the United States for the sole purpose of trafficking in narcotics, it is critical that the defendant's sentence make plain that there is more risk to potential drug traffickers who are foreign nationals than merely being sent home.[1] A period of incarceration is necessary to send the message to both the defendant and others similarly situated that participants and potential participants in drug trafficking—including those who, like the defendant, travel to the United States to engage in narcotics trafficking—that significant consequences await if and when they are caught dealing in large quantities of narcotics.

The Government recognizes that there are certain mitigating factors in this case. First, the defendant was a lower-level participant who was used by a Mexican-based drug trafficking organization to distribute narcotics to the CS. Second, the Government does not have evidence of the defendant's drug trafficking beyond his delivery of the kilogram of heroin in this case. Finally, the defendant quickly accepted responsibility in this case and was cooperative with law enforcement upon his arrest.

---

[1] The Government recognizes that the defendant is a United States citizen but, based on his own admission, it appears he traveled to the United States for the sole purpose of selling narcotics. (PSR at 15).

## IV. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines Range, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

By:     \_\_\_\_s/_____
        Nicholas W. Chiuchiolo
        Kyle W. Wirshba
        Assistant United States Attorney
        (212) 637-1247 / 2493

Cc: Jennifer Willis, Esq. (by ECF)